JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 —   (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

**Filed On
7/17/09**

| Case No. F09-00148-HAR | In Chapter 7 |
|---|---|
| In re RANAE M. BROWNING, dba North Star Heating & Refrigeration; dba North Star Investments - Regency Court | |
| Debtor(s) | |
| GEORGE BROWNING, | Adv Proc No F09-90012-HAR |
| Plaintiff(s) | **MEMORANDUM FOR DISMISSAL OF ADVERSARY PROCEEDING** |
| v. | |
| RANAE M. BROWNING, | |
| Defendant(s) | |

While cases should be decided on the merits, if reasonably possible, it is also the obligation of an attorney and party to comply with minimal standards of pleading and practice.  In this matter, I will focus on the latter and dismiss this adversary.

Plaintiff filed this adversary citing a nondischargeability statute, 11 USC § 523(a)(2)(A), relating to obtaining property, money or services by false pretenses, false representation, or fraud (the complaint and cover sheet only cite § 523(a)(2), but also clearly refer to the wording of subsection (A)).

The ambiguous prayer for relief seems to ask for either dismissal of the case, which is something that could have been requested by motion,[1] or nondischargeability of the plaintiff's debt.  But, the words in the body of the complaint might also allude to facts which might relate to a denial of discharge for making a fraudulent prepetition transfer, concealing property, or making

---

[1] 11 USC § 707(b)(1).

a false oath, if that was what was being sought[2]  Plaintiff did *not*, however, seek to avoid debtor's discharge or plead a § 727(b) claim – he only (apparently) sought to avoid the discharge of debtor's obligation to him – a "dischargeability" issue in bankruptcy parlance.

In the meantime, the court staff had already entered debtor's discharge, even before the first status conference in the adversary proceeding, since § 727 discharge proceeding appeared to be pending which would have caused the discharge to be automatically delayed until the outcome was determined.

One thing was sure, the complaint did not state a claim for nondischargeability under § 523(a)(2)(A).  So I tentatively ruled, *sua sponte*, that the complaint should be dismissed, giving plaintiff until July 6, 2009, to file a response showing why it should not.  I expected plaintiff to file a sufficiently detailed exposition of the alleged facts and analysis of the law that I should apply to justify my not dismissing the adversary proceeding.

Instead, plaintiff filed a cursory, inadequate brief on July 6, 2009, asking that the adversary not be dismissed and suggesting I vacate the discharge.  The brief still leaves the court and debtor in the dark as to whether he is seeking to challenge the dischargeability of only plaintiff's debt, or a broader denial of discharge in general.  Defendant did not file a reply brief.

Plaintiff's brief suggests certain activities (mentioned in the complaint also) which might – if fleshed out – be grounds for relief under some subsections of § 727(b), but these are only broad allegations, with no explanatory detail.  Nor does the brief tell the court and the defendant exactly which sections of § 727(b) (if that's what plaintiff had in mind) are being relied on.  For all the court knows, plaintiff may still be relying on § 523(a)(2)(A), and seeking a judgment of nondischargeability – if so, dismissal is warranted because no § 523(a)(2)(A) claim has been stated.

---

[2] 11 USC § 727(b)(2), (3), or (4).

ORDER TENTATIVELY DISMISSING
ADVERSARY PROCEEDING                                                                              Page 2 of 3

Our local rules require parties to file: "A clear, concise, complete and candid written statement of the reasons in support thereof, together with an adequate brief of the points and authorities upon which the moving party relies."[3] Plaintiff's brief does not meet this standard.

The court has discretion to allow amendments to pleadings to allow a discharge action to be stated when the initial complaint only states dischargeabity, and to vacate the discharge as a mistake in an appropriate case.  But under the circumstances I will use my discretion to dismiss this adversary proceeding.[4]  While there may be the seeds of some type of § 727(b) claim lurking in the background, given plaintiff's inadequate, bare-bones representation of precisely what he is asking for in his complaint or in his response to the tentative order to dismiss, the court opts to dismiss this adversaery, instead.

The debtor should not be delayed in knowing that her discharge is final while plaintiff takes several nonchalant, unsuccessful stabs at adequately telling us what he has in mind.  The bankruptcy rules state tight time limits for filing discharge and dischargeability complaints,[5] and while a "relation back" approach is often used to finesse these time limits,[6] plaintiff has not adequately shown that the court should allow it in this case.

DATED:  July 17, 2009

       /s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

Serve:
Jason Gazewood, Esq., for π
Jason Crawford, Esq., for ∆
Cheryl Rapp, Adv. Proc. Mgr.                                                                                        D7172

    07/17/09

---

[3] AK LBR 9013-1(a)(2).

[4] In re Bozeman, 226 BR 627, 631 (8th Cir BAP 1998); In re Steinmeyer, 274 BR 201, 204-5 (Bank DSC 2001).

[5] FRBP 4004(a) and FRBP 4007(c).

[6] *See*, footnote 4.